IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-468-CR




MICHAEL LYNN PERKINS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-93-73, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of forgery by possession and assessed punishment,
enhanced by two previous felony convictions, at imprisonment for fifty years. Penal Code, 63d
Leg., R.S., ch. 399, sec. 1, § 32.21, 1973 Tex. Gen. Laws 883, 935, amended by Act of May
2, 1991, 72d Leg., R.S., ch. 113, § 2, 1991 Tex. Gen. Laws 686, 687 (Tex. Penal Code Ann.
§ 32.21, since amended). In two points of error, appellant contends that he did not receive
effective assistance of counsel at trial and that the evidence is legally insufficient to sustain the
conviction.

 On October 27, 1992, appellant endorsed and cashed a check for $620 payable to
him and purportedly signed by Alan Bates. The check, introduced in evidence as State's exhibit
one, was drawn on the account of Southwest Plumbing, a business owned by Bates, and bore a
notation indicating that it was in payment for contract labor. Bates testified that he never
employed appellant and that his signature as drawer of the check was forged. 

 Bates further testified that the check in question was one of several blank checks
that were stolen from his business in October 1992. The stolen checks were later passed with
Bates's forged signature as drawer and with appellant, Samuel Harris, and Clem McKnight the
named payees. Bates testified that he "made the mistake" of hiring McKnight in 1990, and that
he fired McKnight before the forged checks were cashed. Bates identified State's exhibit six, a
check drawn on the Southwest Plumbing account and payable to Harris, as another of the forged
checks.

 Samuel Harris testified that he met appellant and McKnight in McKnight's
residence in October 1992. McKnight proposed that the three men "make some money" by
cashing checks. McKnight filled out the checks in the presence of Harris and appellant. Harris
identified State's exhibits one and six as two of these checks and said that he and appellant went
together to cash them. 

 Appellant testified that McKnight approached him and asked him to cash a check
because McKnight did not have identification. Appellant said that the check McKnight asked
appellant to cash was payable to McKnight. Appellant could not explain why the check he
endorsed and cashed was payable to him. Appellant denied knowing that the check was forged
and said that he gave the proceeds to McKnight.

 Appellant contends the State failed to prove that he knew the check was forged, or
that he intended to defraud or harm another. We disagree. Harris testified that the forged check
was written by McKnight in appellant's presence. From this, the jury could reasonably conclude
that appellant knew Bate's signature was forged. From Harris's testimony, and from the
undisputed testimony that appellant never worked for Bates, the jury could reasonably infer that
appellant intended to defraud Bates when he cashed the check. Viewing all the evidence in the
light most favorable to the verdict, a rational trier of fact could find each element of the charged
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App.
1981). Point of error two is overruled.

 Appellant contends his trial counsel was ineffective in two respects. First,
appellant complains that his attorney did not object to the admission at the guilt stage of evidence
of appellant's previous convictions. The evidence was not objectionable, however, because it was
admitted to impeach appellant's testimony. Tex. R. Crim. Evid. 609(a).

 Appellant's second complaint regarding the performance of trial counsel concerns
State's exhibit six, the forged check naming Harris as payee. When the State first offered the
exhibit, counsel objected that it was irrelevant because it had not been connected to appellant. 
After an unrecorded discussion at the bench, the objection was sustained. Appellant argues that
his attorney should have then requested that all testimony about the check be stricken. Whatever
the merits of this assertion, we note that exhibit six was later admitted in evidence after Harris
testified. Under the circumstances, counsel's failure to ask that testimony regarding the check be
stricken could not have affected the outcome of the trial. See Strickland v. Washington, 466 U.S.
668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Point of error one
is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 9, 1994

Do Not Publish